UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------- x
                                           :

SARSVATKUMAR PATEL,             :

                  :

        Plaintiff,            :    Civil Action No. 17-cv-02170 (NGG)(SJB)

                  :

        -against-           :

                  :

LONG ISLAND UNIVERSITY,     :

                  :

        Defendant.         :

-------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

CLIFTON BUDD & DeMARIA, LLP
*Attorneys for Defendant*
The Empire State Building
350 Fifth Avenue, 61st Floor
New York, New York 10118
(212) 687-7410

Counsel:
Douglas P. Catalano, Esq.
Stefanie R. Toren, Esq.

## PRELIMINARY STATEMENT

Defendant Long Island University ("LIU" or "Defendant") submits this memorandum of law in support of its motion to enforce the settlement agreement reached by the parties at a December 21, 2021 settlement conference before the Honorable Sanket J. Bulsara.  It is undisputed that the parties, with the assistance of Magistrate Judge Bulsara, reached an agreement whereby LIU would pay Plaintiff Sarsvatkumar Patel ("Plaintiff") a monetary sum in exchange for Plaintiff's execution of a general release of all claims as against LIU and withdrawal of the lawsuit. The fact of the settlement was confirmed in a Court Order. Six weeks later, Plaintiff's counsel communicated to LIU's counsel that Plaintiff no longer wished to settle the action. At no point was it communicated that Plaintiff objected to the settlement based on a disagreement over or misunderstanding of the material terms. Nor was it communicated that Plaintiff did not intend to be bound by the settlement agreement when it was entered into at the settlement conference. Plaintiff should not be permitted to revoke the parties' Court-facilitated settlement agreement simply because he changed his mind.

There is no legitimate basis for Plaintiff to claim that a contract was not formed nor is there any ambiguity as to what the settlement was or whether the parties agreed to the settlement. As a result, and for the reasons set forth herein, LIU respectfully requests that the Court grant its motion to enforce the settlement.

## STATEMENT OF FACTS

Plaintiff commenced this action against LIU on April 10, 2017 (the "Action"). Toren Aff.[1],

¶2.  In the Complaint, Plaintiff alleges that LIU retaliated against him in violation of Title VII of

the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"),

the New York City Human Rights Law ("NYCHRL") and the Family and Medical Leave Act

("FMLA"). Plaintiff also alleges a claim of interference in violation of the FMLA. Toren Aff., ¶3.

LIU denies Plaintiff's allegations and that it violated any laws in connection with Plaintiff's

employment at LIU. Toren Aff., ¶4.

On August 26, 2021, counsel for the parties requested that the Honorable Nicolas G.

Garaufis refer the parties to participate in a settlement conference before Magistrate Judge Bulsara,

which was granted by the Court. (Docket Entry ("DE") 55-56). On August 31, 2021, Magistrate

Judge Bulsara issued an Order scheduling a video settlement conference with the parties on

September 29, 2021. Toren Aff., ¶6. The date of the settlement conference was subsequently

adjourned until December 21, 2021. Toren Aff., ¶7.

On December 21, 2021 at 2:30 p.m., a settlement conference was held before Magistrate

Judge Bulsara via Microsoft Teams. Toren Aff., ¶8.  Present on the video conference were the

following individuals: (1) Magistrate Judge Bulsara; (2) Plaintiff; (3) Joshua Beldner, Esq.,

Plaintiff's counsel; (4) Elizabeth Cheung-Gaffney, Esq., University Counsel at LIU; (5) Douglas

Catalano, Esq., counsel for LIU; (6) Stefanie Toren, Esq., counsel for LIU; and (7) Sara McCabe,

Esq., a representative from LIU's insurer. Toren Aff., ¶9. After caucusing separately with the

parties and their attorneys, Magistrate Judge Bulsara confirmed that the parties had reached a

settlement to resolve the case. Toren Aff., ¶10.  Specifically, LIU agreed to pay to Plaintiff

---

[1] References are to the Affirmation of Stefanie Toren, dated February 10, 2023.

$██████ (the "Settlement Sum") to be allocated between Plaintiff and Plaintiff's counsel at their

discretion. Toren Aff., ¶11.  In exchange, Plaintiff agreed to execute a general release of all claims

against LIU and withdraw the Action. Toren Aff., ¶12.

Later that evening, Magistrate Judge Bulsara issued a Minute Entry and Order that

provides:

> A settlement conference was held on 12/21/2021 before Magistrate
> Judge Sanket J. Bulsara. Counsel and all parties were present. ***A
> settlement was reached***. The parties shall file a stipulation of
> dismissal by 1/20/2022. So Ordered by Magistrate Judge Sanket J.
> Bulsara on 12/21/2021.

Toren Aff., ¶13, Ex. A (emphasis added).

Subsequently, LIU's counsel undertook drafting the settlement documents consistent with

the material terms reached at the settlement conference. Toren Aff., ¶14.   On January 3, 2022,

LIU's counsel called Plaintiff's counsel to confirm the allocation of the Settlement Sum between

Plaintiff and Plaintiff's counsel and left a voicemail message. Toren Aff., ¶15.  Having not received

a return call, on January 10, 2022, LIU's counsel emailed Plaintiff's counsel and requested a call

to confirm the allocation of the Settlement Sum. Plaintiff's counsel wrote in response: "I'm still

discussing certain issues with my client. I will hopefully be in a position to get back to you guys

by tomorrow or Wednesday."  Toren Aff., ¶16, Ex. B. On January 18, 2022, Plaintiff's counsel

requested LIU's consent to a 30-day extension to file a Stipulation of Dismissal per Magistrate

Judge Bulsara's December 21, 2021 Order. Toren Aff., ¶17. LIU consented to a 15-day extension

which Plaintiff incorporated into a January 18, 2022 extension request to the Court. (DE 59). The

Court granted Plaintiff's request to file the Stipulation of Dismissal on or before February 4, 2022.

Toren Aff., ¶18, Ex. C.

On February 2, 2022, Plaintiff's counsel informed LIU's counsel that Plaintiff was revoking his agreement to settle the Action. Toren Aff., ¶19. On February 4, 2022, LIU's counsel prepared a joint status report on behalf of both parties, which was reviewed by Plaintiff's counsel. Toren Aff., ¶20. Counsel advised Magistrate Judge Bulsara: "As Your Honor is aware, the parties reached a settlement in principle at the December 21, 2021 settlement conference before Your Honor. I was recently advised by Plaintiff's counsel that the parties' settlement is no longer acceptable to Plaintiff and, as such, no stipulation of dismissal can be filed." (DE 60).

Subsequent to notifying the Court that Plaintiff revoked his agreement to settle the Action, LIU and its counsel made multiple attempts to persuade Plaintiff to satisfy his obligations under the parties' settlement agreement reached at the December 21, 2021 settlement conference, but to no avail. Toren Aff., ¶22. As such, LIU had no choice but to file this motion to enforce the settlement agreement.

## **ARGUMENT**

## I.   **STANDARD FOR ENFORCING A SETTLEMENT AGREEMENT**

A "settlement agreement is a contract that is interpreted according to general principles of contract law." *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 129 (2d Cir. 2011) (*citing Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005)).  "Parties may enter into a binding contract orally, and the intention to commit an agreement to writing, standing alone, will not prevent contract formation." *Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007)(citing *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir.1985)).  Where a settlement agreement has not been reduced to a signed writing, courts must determine whether the parties intended to be bound by the agreement in the absence of a signed writing.  *Id.*

The Second Circuit has adopted a four-factor test to determine whether the parties intended to be bound to an oral agreement in the absence of a signed writing:

> (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

*Winston*, 777 F.2d at 80.  "No single factor is decisive, but each provides significant guidance." *Ciaramellai v. Reader's Digest Ass'n., Inc.,* 131 F.3d 320, 323 (2d Cir. 1997)(citations omitted).

Once a settlement agreement is reached, it "is binding and conclusive and the parties are bound to [its] terms. . .even if a party has a change of heart between the time of the agreement. . .and the time it is reduced to writing."  *Elliot v. City of New York*, No. 11 CV 7291, 2012 WL 3854892 (S.D.N.Y. Sept. 5, 2012) (*quoting McDonald v. Dragone Classic Motor Cars*, No. 395 CV 499, 2003 WL 22056626 (D. Conn. Apr. 29, 2003)).  Indeed, "afterthought or change of mind are not sufficient to justify rejecting a settlement."  *Willgerodt v. Hohri*, 953 F. Supp. 557, 560 (S.D.N.Y. 1997) (citations omitted). "When a party makes a deliberate, strategic choice to settle, a court cannot relieve him of that a choice simply because his assessment of the consequences was incorrect." *Powell*, 497 F.3d at 128 (citing *United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994)).

Applying the *Winston* factors standards, the Court should enforce the settlement agreement between Plaintiff and LIU.

## II.     THE AGREEMENT IS ENFORCEABLE UNDER *WINSTON*

For the reasons set forth herein, the *Winston* factors weigh heavily in favor of enforcing the parties' settlement agreement reached at the December 21, 2021 settlement conference before Magistrate Judge Bulsara.

### A.     <u>Plaintiff Did Not Express an Intention Not to Be Bound</u>

The first *Winston* factor favors enforcement.  Plaintiff did not at any point during the settlement negotiations at the settlement conference before Magistrate Judge Bulsara articulate a reservation of rights or otherwise express his desire not to be bound to a settlement absent a signed, written agreement.  Plaintiff's agreement to the settlement terms at the settlement conference was unqualified. Moreover, there has been no indication that Plaintiff contends that his attorney did not have authority to enter into the settlement agreement. Such an argument would be futile as Plaintiff was present during the settlement conference with Magistrate Judge Bulsara.

### B.     <u>There Was Partial Performance</u>

The second *Winston* factor also favors enforcement.  Although payment was not made by LIU pursuant to the parties' settlement agreement, the parties reported the settlement to Magistrate Bulsara at the December 21, 2021 settlement conference. *See Marino Institute of Continuing Legal Educ., Inc*., 2013 WL 6723614, *6 (S.D.N.Y. 2013)(holding that the second *Winston* factor weighs in favor of enforcement when the parties had communicated the settlement to the Court). Later that evening, Magistrate Bulsara confirmed that "a settlement was reached" and ordered the parties to file a Stipulation of Dismissal by January 20, 2022. Subsequently, LIU's counsel undertook drafting the settlement documents consistent with the material terms reached at the settlement conference. The parties also refrained from further litigation consistent with an understanding that

a settlement had been reached. *See e.g., Alvarez v. City of New York*, 146 F. Supp. 2d 327, 335 (S.D.N.Y. 2000).

### C.   <u>The Contract Terms Were Agreed Upon By the Parties</u>

The third *Winston* factor also favors enforcement.  When analyzing this factor, courts look at "whether there was literally nothing left to negotiate or settle, so that all that remained to be done was to sign what had already been fully agreed to."  *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 76 (2d Cir. 1984).  This was the case here.  There is no uncertainty as to the contract terms.[2]  The parties agreed at the December 21, 2021 settlement conference before Magistrate Judge Bulsara, and with Magistrate Judge Bulsara's assistance, that LIU would pay Plaintiff the Settlement Sum in exchange for his execution of a general release of all claims against LIU and withdrawal of the Action. There were no open or disputed material settlement terms between Plaintiff and LIU at the conclusion of the December 21, 2021 settlement conference. This is confirmed by Magistrate Judge Bulsara in his December 21, 2021 Order advising that "a settlement was reached." *See Foster v. City of New York*, 2000 WL 145927, *4 (S.D.N.Y. 2000)(granting motion to enforce settlement when "[n]umerous oral representations in status conferences before Judge Buchwald and this Court leave no doubt that the parties reached an agreement in principle.").

At no point since the December 21, 2021 settlement conference has Plaintiff indicated that he did not understand any of the terms that the parties had agreed to at the conference. *See, e.g., Potts v. Postal Trucking Company*, 2021 WL 7286599, *5-6 (E.D.N.Y. 2021)(holding that plaintiff's misunderstanding concerning a material term of the settlement weighed against granting

---

[2] Any argument that the fact that the allocation between Plaintiff and Plaintiff's counsel was not resolved weighs against enforcement is unavailing. The payment of the Settlement Sum was a material term in the agreement between Plaintiff and LIU. How Plaintiff wished the payment of the Settlement Sum to be allocated between Plaintiff and his attorney was an open term between counsel and client, not Plaintiff and LIU. Moreover, there has been no indication that Plaintiff revoked the settlement agreement because of a disagreement over the allocation of the Settlement Sum.

the defendants' motion to enforce the settlement).   Rather, this is clearly a situation of seller's remorse. Plaintiff agreed to withdraw the Action for the Settlement Sum at the conclusion of the settlement conference and now he has changed his mind.

### D.   Whether the Agreement is Ordinarily Memorialized in Writing

Finally, the fourth *Winston* factor favors enforcement.   While settlements generally are placed in writing or made on the record in open court, the settlement agreement at issue in this Action was made in the presence of and facilitated by Magistrate Judge Bulsara.   As discussed above, the parties reached an agreement at a settlement conference before Magistrate Judge Bulsara that LIU would pay Plaintiff the Settlement Sum and, in exchange, Plaintiff would execute a general release of all claims against LIU and withdraw the Action. The existence of the settlement was later confirmed by Magistrate Judge Bulsara. Similar to the settlement agreement reached in *Wesley v. Correction Officer Badge No. 9417*, "although the settlement was not made in open court on the record, it was made in the presence of, facilitated and approved by the Court, which weighs in favor of enforcement." 2008 WL 41129, *3 (S.D.N.Y. 2008).

In addition, because the existence of the *Winston* test necessarily means that settlement agreements may be enforceable without a signed writing, courts have interpreted the fourth *Winston* factor to ask whether the settlement agreement terms are sufficiently complex or involve long time periods, such that there should be a formal writing.   *See Adjustrite Sys., Inc. v. GAB Bus. Servs., Inc.*, 145 F.3d 543, 551 (2d Cir. 1998); *Ciaramella v. Reader's Digest Ass'n*, 131 F.3d 320, 326 (2d Cir. 1997).   This settlement called for a straight-forward payment to Plaintiff and his attorney in exchange for a general release and withdrawal of the Action. The transaction is sufficiently simple to satisfy this fourth *Winston* factor.

**CONCLUSION**

For all of the foregoing reasons, the Court should grant LIU's motion to enforce the settlement agreement, and award such other and further relief as the Court deems just and proper.

Dated: February 10, 2023
       New York, New York

                         Respectfully submitted,
                         CLIFTON BUDD & DeMARIA, LLP
                         *Attorneys for Defendant*

By: _____
                         Douglas Catalano
                         Stefanie Toren
                         The Empire State Building
                         350 Fifth Avenue, 61st floor
                         New York, New York 10118
                         (212) 687-7410
                         dpcatalano@cbdm.com
                         srtoren@cbdm.com

9